## Hannah Jane Bridges *vs.* David A. Bridges.

The process, given by the *stat.* of 1821, *ch.* 66, " for replevying a person," cannot be maintained in behalf of a minor child against the father or guardian of such child.

Exceptions from the Court of Common Pleas.

The process in this action was a *writ replevying a person*, in which it was alleged, that the plaintiff was taken and detained by the defendant *by duress.*

The general issue was pleaded, with a brief statement by the defendant, " that he held the plaintiff as the *child* and *infant* of him, the said *David A. Bridges.*"

The general issue was joined by the plaintiff, who in answer to the brief statement, " said that the right to the control and possession of the plaintiff by the defendant has been transferred and yielded to *Robert Bowden,* who is grandfather to the plaintiff, with whom she has resided from early infancy, and who has furnished her with her support, and is entitled to her services until she shall arrive at the age of eighteen years."

It was admitted by the plaintiff's counsel, that the defendant was father of the plaintiff, but it was stated that he had parted with his right to the custody, control and services of the child and transferred the same to *Robert Bowden,* by whose direction this action is prosecuted.

Hereupon the defendant's counsel objected, that this prosecution could not be sustained against the father of the plaintiff. This objection was overruled by *Perham J.,* before whom the action was tried.

To prove the issue on the part of the plaintiff, one *James Bowden*, son of *Robert Bowden*, was offered to testify what he had heard the defendant say to his mother, in relation to the plaintiff.

To the admission of this evidence, the defendant's counsel objected, that the defendant's right to the care and custody of his child could not be transferred by a parol agreement. This objection was overruled.

The witness testified, that the plaintiff went to the said *Robert Bowden's* when she was about ten months old ; that she was now about eight years of age, and had continued there ever since, or till she had been taken away recently by the defendant ; that about six years ago he heard the defendant tell his mother, plaintiff's grandmother, that he would give the plaintiff to her, as her own child, that she should support and take care of her till she was eighteen years of age, and that she had remained there as one of the family. On cross examination, he said the plaintiff had never been away from his father's house, except to return at night. He further stated, that about four years ago the plaintiff went to the defendant's and staid a day and a half, was discontented and returned to her grandmother, when he heard the defendant again say, as before, that he had given the child to her grandmother.

The plaintiff called one *Emery Thompson*, who testified, that some time in the month of *January*, 1836, the defendant came to the house of *Robert Bowden* and took the plaintiff away, that a number of other persons were with him, and they said they would have the child, dead or alive.

In committing this cause to the jury, the Judge stated, it had been objected, that this action could not be maintained against defendant, he being father of the plaintiff; but for the purposes of this trial, he should rule the law to be with the plaintiff; that the defendant might part with the right to the custody, control and *services* of his minor child to the said *Robert Bowden,* and that this might be effected by an agreement not in writing ; and he directed them to inquire, if such agreement had been made, and whether the plaintiff had continued with her grandmother in pursuance of such an agreement, and if so, they would find for the

plaintiff; but if not, for the defendant. The jury returned a verdict for the plaintiff.

To all which the defendant excepted, and filed his exceptions.

*W. Abbott & Little,* for the defendant, argued, that the action could not be maintained at common law, and that it would not lie in this case under the statute. That statute, revised *stat. ch.* 66, *sec.* 3, provides, that the action shall not be supported, if it be found on the trial "that the plaintiff is the ward or infant of the defendant." In this case the defendant is shewn to be the father of the plaintiff, a mere child. The suit was not intended to be given by the child against the parent, who was bound by law to support it, and entitled to the custody and control of it.

There is no evidence in the case of any description that the parent assigned over the services of the child, or that any person but the parent was bound to support it. The loose conversation with the grandmother, who was a married woman, could not give her husband any rights to the custody of the child, or place him under any obligation to support it. The agreement to be valid should have been in writing, and there should have been some consideration by undertaking to maintain and bring up the child.

If an action can be maintained upon the facts, it should have been brought by the grandfather.

*Pond,* for the plaintiff, contended, that the verdict of the jury established the fact, that the plaintiff was not the infant of the defendant over whom he had any control. The statute by using the words "ward or infant," places them on the same ground, and his being such is no better defence for the parent, than it is for the guardian. The action may be maintained against *any one* who has no legal right to retain the plaintiff in custody.

Parol evidence is admissible to shew an emancipation of the child by the parent; or that the custody of an infant belongs to some other person, than to him by whom the plaintiff, or applicant for *habeas corpus,* is detained. 3 *Greenl.* 223; 15 *Mass. R.* 274; 4 *Mass. R.* 496; 5 *Binney,* 520; 13 *Johns. R.* 418; 3 *Mason,* 482.

By the "infant of the *defendant*" the statute intends, merely that the action cannot be maintained against the person entitled to the custody of it.

After a continuance, the opinion of the Court was drawn up by

WESTON C. J. — If the defendant had made a contract with the grandmother of the plaintiff, whereby he had transferred to her the care, custody and control of his child, and that contract had enured to the benefit of her husband, she being a *feme covert*, about which we give no opinion, the proper remedy for the party injured is on the contract.

By the third section of the act, establishing the right to the writ for replevying a person, *statute* of 1821, *ch.* 66, it is provided, that if it shall be found upon the trial, that the plaintiff is the ward or infant of the defendant, he shall have judgment for a re-delivery of the body. Under that section, the opinion of the Court is, that this process cannot be maintained against the father or guardian of a minor child, in behalf of such child.

It has been inquired, what shall a master do, if his apprentice is taken away by his father? It is a sufficient answer, that a writ for replevying the person, is not the proper remedy. If an apprentice elopes from his master, he may have a warrant for arresting and returning him, from a justice of the peace. Or the master may have covenant broken upon the indentures against the father, if he withdraws his son without right from his service. And there is no doubt but any unlawful imprisonment or detention of a minor child, may be open to inquiry upon *habeas corpus.*

It is insisted, that the plaintiff is not the infant of the defendant, because another is entitled to her services and the custody of her person. But we think, by infant of the defendant, in the section of the statute before referred to, must be understood child of the defendant, and that it was not intended to give this process against a parent; and so the Judge should have ruled in the Court below.

The exceptions are accordingly sustained, the verdict set aside, and a new trial granted.